# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL DOCKET NO.: 3:03CR16

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>KEVIN DESHAWN BARLOW (2), )<br>)<br>Defendant. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on Defendant's *pro se* Motion for Leave to File Section 2255 Motion, filed November 30, 2005.

On May 5, 2003, pursuant to a written agreement with the Government, Defendant pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841, 846 (Count One), using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Four), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Five). On February 10, 2004, Defendant was sentenced to 322 months imprisonment. Judgment was entered on March 8, 2004. Defendant did not file an appeal nor has he previously filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. Defendant now asks the Court to allow him to file a Section 2255 Motion.

Defendant is advised that in 1996, Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA") which amended § 2255 to add a one-year limitation period. In relevant part, § 2255 now provides that "[t]he limitation period shall run from the latest of: (1) the <u>date on which the judgment of conviction becomes final</u> ; (2) the date on which the impediment to make a motion created by governmental action in violation of the United States Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by such

governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

Defendant's judgment became final on March 8, 2004, when the Judgment and Commitment was filed by the Court. Therefore, in order to maintain a Section 2255 claim, Defendant had to file such a Motion within one year after his judgment became final. Defendant did not file a Section 2255 motion within the limitations period.

Although Defendant's Section 2255 motion would be untimely, the Fourth Circuit has found in such cases that the district court must offer the defendant an opportunity to explain why an apparently untimely Section 2255 motion is subject to some exception. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002); *see also McMillan v. Jarvis*, 332 F.3d 244, 248 (4th Cir. 2003) (concluding that *Hill*'s notice requirement extends to both *pro se* habeas petitioners and those represented by counsel).

Therefore, if Defendant wishes the Court to construe the instant Motion as one pursuant to Section 2255, the Court would permit Defendant to provide additional documentation to support his Section 2255 motion, and to offer an explanation as to why his untimely Section 2255 motion is subject to an exception to the limitations period.

**IT IS, THEREFORE, ORDERED** that the Court **DEFERS RULING** on Defendant's Motion for Leave to File Section 2255 Motion.

**Defendant is notified that he has until March 1, 2006 to notify the Court as to whether he wants his current Motion construed pursuant to Section 2255.** If Defendant does not so notify

the Court, the Court will construe Defendant's Motion for Leave to File a Section 2255 Motion as pursuant to Section 2255, and render an Order accordingly.

In view of the possibility that this motion may ultimately be construed as one pursuant to Section 2255, **<u>Defendant is hereby notified that he should explain to the Court why his motion should not be considered untimely filed.</u>**

The Clerk is directed to send copies of this Order to Defendant, defense counsel, and the attorney for the United States.

Signed: February 1, 2006

Richard L. Voorhees
Chief United States District Judge