**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:15-cv-459-FDW**
**(3:03-cr-16-FDW-2)**

| | | |
|---|---|---|
| **KEVIN DESHAWN BARLOW,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

     **THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or

Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1).[1] (Doc. No. 1).

### I.     BACKGROUND

     In his underlying criminal case, on March 5, 2003, Petitioner pled guilty to conspiracy to

possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841, 846

(Count One); using and carrying a firearm in furtherance of a drug trafficking crime in violation

of 18 U.S.C. § 924(c)(1) (Count Four); and possession of a firearm by a convicted felon, in

violation of 18 U.S.C. § 922(g)(1) (Count Five). (Crim. Case No. 3:03-cr-16-FDW-2, Doc. No.

---

[1] Petitioner filed this action in his underlying criminal case as a "Request for Leave of the Court
for Permission to Have Marcus E. Holmes, U.S.P.O., Correct Inaccurate Information in the
Presentence Report." When filing this action, Petitioner did not state whether he intended to
bring his motion pursuant to § 2255 or through another procedural vehicle. The Court has
construed Petitioner's motion as a motion to vacate for the purpose of this order. The Court is
not required to issue Petitioner a notice under Castro v. United States, 540 U.S. 375, 377 (2003),
because he has already filed two § 2255 motions to vacate in this Court, and a Castro order is
only required for the first § 2255 motion to vacate.

51: Plea Agreement).  On February 10, 2004, this Court sentenced Petitioner to 322 months of imprisonment.  (Id., Doc. No. 154: Sent. Tr.).  Judgment was entered on March 8, 2004, and Petitioner did not appeal.  (Id., Doc. No. 85: Judgment).

Petitioner filed a 28 U.S.C. § 2255 motion to vacate on February 23, 2006.  See (Id., Doc. No. 128: 3:06-cv84).  On September 5, 2006, this Court denied the § 2255 motion as untimely. (Id., Doc. No. 131).  On November 30, 2011, the Fourth Circuit Court of Appeals denied a motion by Petitioner to file a successive petition.  (Id., Doc. No. 157: Order).  On June 19, 2012, Petitioner filed a second 2255 motion to vacate, seeking relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc).  (Id., Doc. No. 166).  On October 15, 2012, the Court dismissed the § 2255 motion as an unauthorized, successive petition.  (Id., Doc. No. 175).

On October 1, 2015, Petitioner filed the pending "Request for Leave of the Court for Permission to Have Marcus E. Holmes, U.S.P.O., Correct Inaccurate Information in the Presentence Report."  (Id., Doc. No. 179).  Petitioner contends in his motion that his PSR includes a reference to a state charge of assault with intent to kill.  Petitioner notes that the state charge was dismissed on July 13, 2004, but he contends that the BOP has used this dismissed state charge to make determinations regarding Petitioner's Inmate Load and Security Designation and Custody Classification.  Specifically, Petitioner contends that the BOP assigned his level of offense to "greatest" severity, rather than "moderate" severity, based on the assault with intent to kill charge in the PSR.  (Doc. No. 1 at 5).  Petitioner contends that "[t]he BOP is clearly using the inaccuracy to make determinations regarding Petitioner's Inmate Load and Security Designation and Custody Classification."  (Id. at 1).  In the motion, Petitioner requests "leave of the Court for permission to have [Petitioner's probation officer] correct the inaccurate

information in the PSR."  (Id. at 3).

## II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts

are directed to promptly examine motions to vacate, along with "any attached exhibits and the

record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.

After having considered the record in this matter, the Court finds that no response is necessary

from the United States.  Further, the Court finds that this matter can be resolved without an

evidentiary hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

To the extent that Petitioner's motion is construed as a motion to vacate under § 2255, it must

be dismissed as an unauthorized, successive petition because Petitioner has already filed a

motion to vacate challenging the same conviction and sentence, and the motion to vacate has

been denied on the merits.  Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or

successive application permitted by this section is filed in the district court, the applicant shall

move in the appropriate court of appeals for an order authorizing the district court to consider the

application."  Thus, Petitioner must first obtain an order from the United States Court of Appeals

for the Fourth Circuit before this Court will consider any second or successive petition under 28

U.S.C. § 2255.  Petitioner has not shown that he has obtained the permission of the United States

Court of Appeals for the Fourth Circuit to file a successive petition.  See also 28 U.S.C. §

2255(h) (stating that "[a] second or successive motion must be certified as provided in section

2244 by a panel of the appropriate court of appeals").  Accordingly, to the extent that Petitioner's

motion is construed as a § 2255 motion to vacate, it is subject to dismissal as a successive

petition.

Next, to the extent that Petitioner is solely challenging his BOP security classification in this action, his claim is a "conditions of confinement" claim that is properly brought in a civil rights action under 28 U.S.C. § 1331, pursuant to the doctrine announced in <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971).  <u>See</u> <u>Rodriguez v. Edenfield</u>, No. 13-cv-48-DCR, 2013 WL 5743916, at *1 (E.D. Ky. Oct. 23, 2013) (denying prisoner's § 2241 petition challenging his BOP security classification because the claim should have been brought in a civil rights action); <u>Pinkney v. U.S. Dep't of Justice</u>, No. 1:07cv106, 2009 WL 277551, at *2 (N.D. W. Va. Feb. 5, 2009) (stating that a civil rights action, not a § 2241 petition, is "the proper vehicle for challenging a condition of confinement, such as the BOP's security rating").  Furthermore, any civil rights action should be brought in the district in which Petitioner is confined.[2]  <u>See</u> 28 U.S.C. § 1391.

Finally, regardless of how Petitioner's motion is characterized, the underlying premise of Petitioner's argument is flawed.  That is, Petitioner contends that his PSR is now "inaccurate" because the charge of assault with intent to kill was dismissed on July 13, 2004, and that the BOP is using the "inaccuracy" to determine Petitioner's security classification.[3]  Petitioner is

---

[2]  For the reasons discussed in this order, <u>infra</u>, the Court has serious doubts as to whether Petitioner could succeed on the merits of a conditions of confinement claim in a civil rights action.  Out of an abundance of caution, however, the Court is dismissing Petitioner's claim without prejudice so that he can file a civil rights conditions of confinement claim in the appropriate venue—his district of confinement.

[3]  The contents of Petitioner's PSR are governed by Federal Rule of Criminal Procedure 32. Under Rule 32, the probation officer prepares the PSR after conducting a presentence investigation.  Rule 32 requires the probation officer to include the defendant's "prior criminal record" in the PSR.  <u>See</u> Fed. R. Crim. P. 32(d)(2)(A)(i).  Rule 32 does not define "criminal record," but the phrase is defined broadly in other contexts to include not only convictions, but also records of arrest and indictments and other formal criminal charges, regardless of their

incorrect.  The BOP's response to Petitioner's inquiry regarding the security classification

explains that Petitioner's security classification was not based on any conviction by Plaintiff or

even on pending charges.  Rather, the security classification was based on conduct that BOP

contends Petitioner has not disputed—that is, on December 26, 2002, Petitioner shot another

person in front of a hotel in Charlotte, North Carolina.  See (Doc. No. 1 at 5).  In response to

Petitioner's Inmate Request to Staff, Petitioner's Case Management Coordinator explained that,

under the BOP Program Statement 5100.08, titled "Inmate Security Designation and Custody

Classification," the "severity of current offense" designation was based on "the most severe

documented instant offense behavior regardless of the conviction offense."  (Doc. No. 1 at 5)

(citing BOP Program Statement 5100.08).  The Case Management Coordinator explained that, in

the Offense Conduct section of Petitioner's PSR, the PSR stated that "[o]n December 26, 2002,

at approximately 2:23 a.m., the defendant walked up to Daniel Beckham while they were in front

of the Adams Mark Hotel located at 555 McDowell Street in Charlotte, NC.  Defendant Barlow

yelled profanity then pulled a .45 caliber handgun from the front of his pants and shot Beckham

once in his side."  (Id. at 5; see also Crim. Case No. 3:03-cr-16-02-V, Doc. No. 174 at 7: PSR).

The Case Management Coordinator further explained that:

> Additionally, Appendix A, Offense Severity Scale, describes a "Greatest
> Severity" offense as, "serious bodily injury intended or permanent or life
> threatening."  Your offense conduct as referenced above clearly states you shot
> Daniel Beckham.  In our verbal conversations, you do not deny this.  Taking that
> in consideration with the guidance in P.S. 5100.08, your Offense Conduct clearly

---

disposition.  See, e.g., 5 U.S.C. § 9101(a)(2); 42 U.S.C. § 14616(4)(A).  Thus, the probation
officer in Petitioner's case was required to include in Petitioner's PSR his arrests and criminal
charges, regardless of whether they resulted in a conviction.  When the PSR was prepared and
when Petitioner was sentenced, the assault with intent to kill charge was pending.  Thus,
Petitioner would not have had any basis to challenge the inclusion of the pending charge in the
PSR before or at the time of sentencing.

rises to the threshold of "Greatest Severity." Therefore, based upon the above information, you are being correctly scored with a "Greatest Severity" offense and the appropriate Public Safety Factor."

(Doc. No. 1 at 5-6). Thus, Petitioner's security classification was not based on a conviction; rather, the BOP based its security classification was based on Petitioner's conduct, which the BOP contends was undisputed.[4]

## IV.    CONCLUSION

For the foregoing reasons, to the extent that this action is treated as a § 2255 motion to vacate, the Court will dismiss the motion to vacate because the motion is an unauthorized, successive petition. To the extent that Petitioner is attempting to bring a conditions of confinement claim against the BOP, solely challenging his BOP security classification, his claim is dismissed without prejudice to file a civil rights action under 28 U.S.C. § 1331 in the district in which he is confined, the District of South Carolina.

**IT IS, THEREFORE, ORDERED** that

1.    Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive

petition. To the extent that Petitioner is attempting to bring a conditions of

confinement claim based on the BOP security classification, his conditions of

---

[4] In any event, federal inmates do not have a protected liberty interest in security classification See Cunningham v. O'Brien, No. 5:14cv114, 2015 WL 1915338, at *5 (N.D. W. Va. Apr. 27, 2015). Rather, security classification is reserved to the sole discretion of prison officials. See Slezak v. Evatt, 21 F.3d 590, 595 (4th Cir. 1994). Moreover, to the extent that Petitioner attempts to raise a due process claim based on the fact that the PSR itself cited a pending criminal charge of assault with intent to kill, Petitioner's claim is without merit. Here, Petitioner was given all the process he was due when he was given the opportunity at and before sentencing to object to the information in the PSR. Petitioner had no basis to object to the PSR's inclusion of the assault with intent to kill charge because the charge was still pending when the PSR was filed and when Petitioner was sentenced.

confinement claim is dismissed without prejudice to Plaintiff to bring the action in his district of confinement.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: October 13, 2015

Frank D. Whitney
Chief United States District Judge