UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00459-FDW
(3:03-cr-00016-FDW-2)

| KEVIN DESHAWN BARLOW, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Petitioner Kevin Deshawn Barlow's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1) and his Supplemental Memorandum (Doc. No. 10), conceding that his Motion is time-barred. He is represented by the Federal Public Defender for the Western District of North Carolina.

On May 5, 2003, Barlow pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, use and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Entry and Accept. Plea, United States v. Barlow, No. 3:03-cr-00016-FDW-2 (W.D.N.C.), Doc. No. 53. The presentence report ("PSR") found Barlow had at least two qualifying prior convictions that triggered the career-offender sentencing enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.2: two 1996 North Carolina convictions for common law robbery and attempted common law robbery, and two 1999 North Carolina convictions for robbery with a dangerous weapon and attempted second-degree

1

kidnaping.  See July 30, 2003 PSR ¶¶ 42, 46, id. at Doc. No. 174.  The Court applied U.S.S.G. § 4B1.2 to determine Barlow's sentencing range and imposed an aggregate 322-month prison sentence.  J., id. at Doc. No. 85.  Judgment was entered on March 8. 2004.  Id.

On June 23, 2016, Barlow filed the instant Motion to Vacate, challenging the enhancement of his sentence under the career-offender guideline in U.S.S.G. § 4B1.2.  He argues that he no longer qualifies as a career-offender in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).  Johnson held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," id., 135 S. Ct. at 2563, but did not address the residual clause under the career-offender guideline.

On August 30, 2016, this Court granted the Government's Motion to hold these proceedings in abeyance pending the United States Supreme Court's decision in Beckles v. United States, No. 15-8544, in which the petitioner claimed his career-offender sentence was erroneously enhanced by an unconstitutionally vague residual clause of U.S.S.G. § 4B1.2.  (Doc. No. 4.)  The Supreme Court issued its opinion on March 6, 2017, holding that because the sentencing guidelines are not mandatory, they "are not subject to vagueness challenges under the Due Process Clause" and Johnson therefore does not apply to invalidate the residual clause of the career-offender guideline.  Beckles v. United States, 137 S.Ct. 886, 890, 895 (2017).

Beckles, however, did not resolve the question of whether Johnson's constitutional holding applies retroactively to those defendants, like Barlow, who were sentenced before United States v. Booker, 543 U.S. 220 (2005), when the sentencing guidelines were mandatory rather than advisory.  Because that issue was before the Fourth Circuit Court of Appeals, this Court granted Petitioner's subsequent motion to hold this action in abeyance pending the Fourth

Circuit's decision in United States v. Brown, No. 16-7065.  (Doc. No. 7.)

The Fourth Circuit issued its opinion in Brown on August 21, 2017.  United States v. Brown, 868 F.3d 297, 299 (4th Cir. 2017), rehr'g and rehr'g en banc denied, 891 F.3d 115 (4th Cir. 2018).  It held that because neither Johnson, Beckles, nor any other Supreme Court case has recognized the specific right to relief sought by Brown, his § 2255 motion was "untimely under 28 U.S.C. § 2255(f)(3)."[1]  Id.  The United States Supreme Court denied certiorari review, Brown v. United States, 2018 WL 2877128 (Oct. 15, 2018), leaving the Fourth Circuit's decision intact.

In his Motion to Vacate, Barlow argues, as Brown did, that his claim is timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year of Johnson.  On November 6, 2018, he filed a supplemental memorandum stating that, in light of the Supreme Court's denial of certiorari in Brown, the parties agree his Johnson claim is time-barred. (Suppl. Mem. 1, Doc. No. 10.)  The Court concurs and will dismiss the Motion to Vacate on that basis.

Barlow, however, requests that the Court grant him a certificate of appealability so that he may ask the Fourth Circuit to reconsider its Brown decision. (Suppl. Mem. 2, 4.)  He contends reasonable jurists would disagree about whether this Court is correct to dismiss a § 2255 motion as untimely where a petitioner who was sentenced as a career-offender prior to Booker raises a Johnson claim within a year of that decision.  (Suppl. Mem. 2-4.)

The Court acknowledges Justice Sotomayor and Justice Ginsburg dissented from the

---

[1] A motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be filed within one year of the date on which: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; *(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review*; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)-(4) (emphasis added).

denial of certiorari in Brown and Chief Judge Gregory dissented from the Fourth Circuit's Brown decision and the decisions to deny rehearing and rehearing en banc. Nevertheless, the Court is bound by Fourth Circuit precedent, and Brown is settled law in this circuit. Accordingly, the Court will not issue a certificate of appealability.

Barlow's judgment became final for purposes of § 2255 in 2004. See § 2255(f)(1). Because the Supreme Court has not recognized the specific right upon which Barlow seeks to rely, Johnson did not re-start the one-year statute of limitations under § 2255(f)(3), and the instant § 2255 petition is time-barred. See Brown, 868 F.3d at 299.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 9, 2018

Frank D. Whitney
Chief United States District Judge