IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:03-CR-00016-002 |
| | ) | |
| v. | ) | |
| | ) | |
| KEVIN DESHAWN BARLOW, | ) | By: Hon. Michael F. Urbanski |
| Defendant | ) | Senior United States District Judge |

## MEMORANDUM OPINION

Kevin DeShawn Barlow, proceeding pro se, has filed a "Motion for Reconsideration, Resentencing, Sentence Reduction/Modification, and Rehearing." ECF No. 233. As explained below, having reviewed the motion, the evidence, and the docket in this case, the court DENIES Barlow's motion.

### I. Background

On March 8, 2004, following his conviction on one count of conspiracy to possess with intent to distribute and distribute cocaine and cocaine base, one count of unlawful use and possession of a firearm in furtherance of a drug-trafficking crime, and one count of possession of a firearm by a convicted felon, Barlow was sentenced to a term of 322 months to be followed by a 5-year term of supervised release. J., ECF No. 85. On July 19, 2021, Barlow's sentence was reduced to time-served when the court granted his motion for a sentence reduction under the First Step Act of 2018. Order, ECF No. 209. Barlow began his 5-year term of supervision on July 19, 2021. Testimony of United States Probation Officer ("USPO") William Payne, Hr'g Tr., ECF No. 236 at 12.

On October 29, 2024, Barlow's probation officer filed a petition for revocation of supervised release in Barlow's case. The petition alleged two new law violations based on allegations that Barlow had victimized a car dealership by using a fraudulent check to obtain a vehicle and then drove the vehicle across state lines. Barlow was charged in Gaston County, North Carolina with obtaining property by false pretenses and in Fulton County, Georgia with felony theft by receiving. In addition, Barlow had twice tested positive for marijuana. Pet. for Warrant for Offender Under Supervision. ECF No. 215.

A hearing was held in this matter and USPO Payne testified that on October 8, 2024, Barlow had gone to car dealership in Gaston County, North Carolina and entered into a transaction to buy a GMC Sierra and in the course of the transaction passed a fraudulent check in the amount of $110,272.87 to the salesperson. Hr'g Tr., ECF No. 236 at 18–19. The next day, the dealership realized that the check was fraudulent, filed a police report, and listed the vehicle as stolen. Id.

On October 11, 2024, Barlow was found in possession of the vehicle in Atlanta, Georgia. Barlow was taken into custody and the vehicle was seized. He was charged in Gaston County, North Carolina with obtaining property by false pretenses and in Atlanta, Georgia, with theft by receiving. Id. at 19. Barlow testified regarding his belief in the validity of the check he presented to the vehicle dealership. Id. 37–53.

The probation officer also testified that Barlow twice tested positive for marijuana via a urine drug screen. The first time Barlow tested positive for marijuana was on November 15, 2022, and the second was on August 21, 2024. Barlow denied use, explaining to Payne that he had used CBD rather than marijuana, and on the second occasion, he had used CBD oil

2

topically. After Barlow denied use, the samples were confirmed by a laboratory. Id. at 14–18. On cross-examination, Payne testified that the laboratory results identified the marijuana metabolite as Delta 9 and that Delta 9 can be purchased in stores and is sold as a topical pain reliever. Id. at 29–30.

The court found that there was sufficient evidence to establish the violations related to the fraudulent purchase of the vehicle, but dismissed the violations related to marijuana use. Id. at 36, 57–59. Prior to the hearing, the parties agreed that if the court revoked Barlow's term of supervised release, the government would recommend a sentence of 36 months followed by an additional 24 months of supervision. Id. at 59–61. On February 18, 2025, the court sentenced Barlow to a prison term of 30 months to be followed by 24 months of supervised release. Id. at 69–70; J., ECF No. 228.

Barlow, represented by counsel, filed a notice of appeal, which is pending before the Fourth Circuit Court of Appeals. He argues that the court erred by failing to consider the 28 U.S.C. § 3553(a) factors when it sentenced him. See United States v. Kevin Barlow, No. 25-4097 (4th Cir. filed Feb. 21, 2025). On March 24, 2025, Barlow also filed a pro se "Subsequent Notice of Appeal," ECF No. 234 in the instant case, although the pro se motion does not appear on the appellate docket.

On March 24, 2025, Barlow, proceeding pro se, filed the motion for reconsideration currently pending in this court. ECF No. 233. In his motion, he alleges that (1) the revocation was unlawful because it was based on a state charge that was dismissed and therefore could not serve as a violation; (2) the decision in Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984), compels reconsideration because the Bureau of Prisons

3

and the probation officers have misapplied the law by interpreting § 3583(e) in a manner inconsistent with due process and statutory intent; (3) the imposed sentence violates 18 U.S.C. § 3553(a) because it is excessive and not narrowly tailored to the considerations set forth in the statute; and (4) the court has authority under 18 U.S.C. § 3582(c) to modify or reduce his sentence based on newly presented evidence, errors in judgment, or extraordinary circumstances.

## II. Analysis

As a general rule, "a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." Doe v. Public Citizen, 749 F.3d 246, 258 (4th Cir. 2014). However, the Fourth Circuit has recognized "limited exceptions to the general rule that permit district courts to take subsequent action on matters that are collateral to the appeal, or to take action that aids the appellate process." Id. (citations omitted). "[T]hese exceptions are confined to a narrow class of actions that promote judicial efficiency and facilitate the division of labor between trial and appellate courts." Id. (citations omitted).

In the civil context, a district court may entertain a Rule 60(b) motion and should do so promptly. Fobian v. Storage Technology Corp., 164 F.3d 887, 890–891 (4th Cir. 1999). This is because a district court "has lived with a case and knows it well," and is better situated than an appellate court to determine quickly and easily the possible merit of a Rule 60(b) motion. Id. at 890. If a Rule 60(b) motion is frivolous, a district court can promptly deny it without disturbing appellate jurisdiction over the underlying judgment. Id. If a district court finds that a Rule 60(b) motion has merit, "it would be both inefficient and unfortunate to require the

4

district court to wait until the underlying appeal is completed before giving any indication of its desire to grant" the motion. Id.

In a criminal matter, Federal Rule of Criminal Procedure 37 provides that if a timely motion is made for relief that the court lacks authority to grant because an appeal has been docketed and is pending, the court may defer considering the motion, deny the motion, or state either that it would grant the motion if the court of appeals remands for that purpose, or that the motion raises a substantial issue. The Advisory Committee Notes state that Rule 37 "does not attempt to define the circumstances in which an appeal limits or defeats the district court's authority to act in the face of a pending appeal." Fed. R. Crim. P. 37 advisory committee's note to 2012 adoption.

Barlow has filed a notice of appeal of the court's order revoking supervised release and sentencing him to 30 months to be followed by an additional 24 months of supervised release. Notwithstanding the filing of the appeal, and in accordance with Fed. R. Crim. P. 37, the court finds that Barlow motions for reconsideration is without merit and must be denied.

Barlow first argues that that the revocation was unlawful because it was based on a state charge that was dismissed and therefore could not serve as a violation. However, this is a misreading of the court's determination. The court found by a preponderance of the evidence that Barlow violated federal statute 18 U.S.C. § 514(a)(2) when he presented a fraudulent check to the car dealership to obtain a vehicle, drove it across state lines, and then bragged on social media that he did not pay a dime for it. Sent. Tr., ECF No. 236 at 57–58. The court further found that Barlow violated 18 U.S.C. § 2313 when he received the stolen vehicle. Id. at 58. Accordingly, the court relied on new violations of federal law when it revoked

5

Barlow's term of supervised release and his argument that the court was relying on state charges that were dismissed is incorrect. Therefore, this claim is **DENIED**.

Barlow's second argument, that the Chevron decision compels reconsideration of the court's order revoking supervision, is frivolous.[1] The court determined that Barlow violated the terms and conditions of his supervised release for the reasons stated on the record and therefore revoked it. Barlow makes no attempt to explain how Chevron is relevant to the court's decision and the relevance of Chevron is not apparent to the court. This claim is **DENIED**.

Regarding Barlow's argument that the court has authority under 18 U.S.C. § 3582(c) to modify or reduce his sentence based on newly presented evidence, errors in judgment, or extraordinary circumstances, he has described no circumstances warranting a sentence reduction. His conclusory statement without more is an insufficient basis on which the court could reduce his sentence and, accordingly, this claim is **DENIED**.

Finally, Barlow argues that the imposed sentence of 30-months violates 18 U.S.C. § 3553(a) because it is excessive and not narrowly tailored to the considerations set forth in the statute. This argument overlaps with his argument to the Fourth Circuit that the revocation was improper because the court did not cite 28 U.S.C. § 3553(a) or discuss how it considered the sentencing factors in the context of Barlow's revocation. See Brief by Kevin Deshawn

---

[1] In Chevron, the Supreme Court held that when construing a statute, if the intent of Congress is unclear, courts defer to agency construction of statutes if the construction is based on a permissible construction of the statute. Chevron, 467 U.S. at 842–43. This holding of the court was overruled by Loper Bright Enterprises v. Raimondo, 603 U.S. 369, 412–13 (2024), which held that courts must exercise independent judgment in deciding whether an agency has acted within its statutory authority. Courts no longer defer to agency interpretation of the law simply because a statute is ambiguous. Id. at 413. Barlow does not explain how either Chevron or Loper Bright is relevant to his motion for reconsideration.

6

Barlow filed on July 12, 2025, in <u>United States v. Barlow</u>, No. 25-4097. Nevertheless, the record supports the conclusion that Barlow's motion for reconsideration should be denied.

Barlow's motion ignores the fact that while probation recommended a sentence at the low end of the guidelines range, 51 months, the government agreed to recommend prior to the supervised release revocation hearing that Barlow receive no more than 36 months imprisonment. After Barlow's lawyer acknowledged that agreement, the court stated that defense counsel had done a service to his client because the court would have imposed a guidelines sentence given the "outrageous conduct in violation of federal law." Hr'g Tr., ECF No. 236, at 60. Following Barlow's allocution, the court imposed a sentence six months lower than the agreed-upon 36-month recommendation of the government. The court stated:

> THE COURT: I know that taken into the agreement worked out between the United States and the defendant I am sure, although I wasn't part of that, I am sure that they took into account one of the things that Mr. Payne said when he was here testifying, and that is, that except for the marijuana test, you did well for a period of time. You know, between '22 and '24 you did well, and I give you credit for that between '22 and '24. And, you know, there's no excuse for what went on with this car. It's just plainly illegal.

> THE DEFENDANT: And I apologize, Your Honor.

> THE COURT: But -- I do know that -- your original violations were, you know, drug dealing and guns and you didn't return to that. You didn't return to drug dealing and guns, and I give you credit for that.

> Look, all this stuff where you just made up this check, you can't do that. It violates the law, okay? You simply can't do that. But I appreciate what you're telling me and the allocution, and I appreciate you wanting to keep your dad's house. So I'm going to impose a sentence of 30 months. It's six months below the agreement with the United States and the defense, okay?

> THE DEFENDANT: Yes, sir.

7

THE COURT: 30 months. And I do that because of what you told me in your allocution because you're a little bit of a different person here at the allocution than you were up here. I think you're contrite and candid and you want to do better. All right?

THE DEFENDANT: Yes, sir.

THE COURT: Look, what has happened to you in the past -- you got a huge deal with the First Step Act, right?

THE DEFENDANT: Yes, sir.

THE COURT: And what has happened in the past doesn't have to define the future.

THE DEFENDNAT: Yes, sir.

THE COURT: Treat people fairly, squarely. I do appreciate the fact that you didn't return to the street. So even though probation was recommending 51 months and the Government and the defendant have jointly agreed to 36 months, based on your allocution I'm going to lower it another six months, okay?

THE DEFENDANT: Yes, sir.

Id. at 68-70.

Although the court did not mention 18 U.S.C. 3583(e), the court's comments reflect many of the factors required to be considered. The court noted that the sentencing guidelines called for a much higher sentence. The court expressly noted the nature and circumstances of the offense and the history and characteristics of the defendant. Given the egregious nature of the crime perpetrated by Barlow while on supervision, the court's comments contemplate both the seriousness of the offense and the need promote respect for the law. Over and over again, the court implored Barlow to follow the law and put his criminal past behind him, reflecting concerns both of deterrence and protection of the public. The court concluded the sentencing with these thoughts:

8

THE COURT: Look, let me just say this and then I'll give you a chance to say whatever you want to me, okay? But I – I've got hope for you, okay? What has happened in your past with guns and drugs you seemed to put behind you. This nonsense getting a car without paying it is just that, nonsense, right?

THE DEFENDANT: Yes.

THE COURT: Come out, deal with people squarely, follow the law. You're a smart guy. Okay? And I wish you the best of luck in getting past this and complete your two years of supervised release without any issue and—and live it up. Live it up to what your father wanted you to live up to, okay?

THE DEFENDANT: Yes, sir.

THE COURT: You can do that. I got hope for you. Do that. And I wish you the best of luck.

THE DEFENDANT: Yes, sir. Thank you.

\*     \*

THE COURT: It's time. It's time that we see the Kevin Barlow who was out there working for those couple of years, not running the streets, not getting in trouble. And this episode that gave rise to this was a little bit of trying to – trying to get something for nothing, pull the wool over the dealership's eyes. That didn't work. Go forth and lead an honest and upright life. You're a smart guy. You got potential. I wish you the best of luck.

Id. at 71–73.

In short, in imposing the 30-month sentence, the court considered the factors under

18 U.S.C. 3583(e), and there is no basis for reconsideration of the sentence imposed.

Accordingly, Barlow's motion for reconsideration of this issue is **DENIED**.

### III. Conclusion

Based on the foregoing, the court **DENIES** Barlow's motion for reconsideration,

ECF No. 233.

9

An appropriate order will be entered.

It is so **ORDERED**.

ENTERED: December 2, 2025

Michael F. Urbanski
Senior United States District Judge